UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
LINDA VELEZ,

                Plaintiff,

- against -

BETSY SANCHEZ, et al.,

                Defendants.
------------------------------------------------X

**ORDER**

04 CV 4797 (FB)

## I. Extension of Time to Complete Discovery

In response to the letter of October 30, 2008, submitted by plaintiff with the consent of defendants, the deadline for completion of fact discovery is extended to December 15, 2008.

## II. Protective Order

By letter dated October 31, 2008, defendants request that the Court issue a protective order precluding plaintiff from deposing Mr. Harry Totonis, the former supervisor of defendant Betsy Sanchez. Ms. Sanchez plans to seek employment from Mr. Totonis in the future, and she contends that the deposition will impair her ability to do so. Defendants compare this request to the plaintiff's request for a protective order, which was filed under seal in March 2008, and "ask for like consideration." (See Letter requesting leave to submit a motion for a protective order, submitted by plaintiff on March 5, 2008).

However, the circumstances of plaintiff's requested protective order are wholly different from defendants' request here. Plaintiff sought to prevent release of her current address and current employer in light of evidence about possible harassment and the limited relevance of the information defendants sought. Because it appeared likely that defendants would be able to get information of similar value and purpose from plaintiff's former employers, the Court reserved

judgment on the matter and directed defendants to depose her former employers before seeking to depose her current employer. (See Order dated May 20, 2008).

By contrast, the information plaintiff seeks to obtain from Mr. Totonis – namely, the extent of her employment between September 20, 2001, and July 1, 2002 – is of direct relevance to the disputed issues in this case. Moreover, the three alternative means suggested by defendants for obtaining the information the plaintiff seeks have been tried unsuccessfully. First, defendants suggest that Ms. Sanchez's tax returns will shed light on her employment during the time period in question, but she has not yet produced her tax returns for *in camera* review, as directed by this Court's May 20 Order. Second, defendants suggest that Ms. Sanchez's employment records will address the issue. However, plaintiff has requested such documentation, and defendants have failed to produce it. Finally, defendants suggest that Ms. Sanchez's upcoming deposition testimony will be responsive on the matter. However, during her first day of deposition testimony, the matter of her employment during the period in question was directly raised, but the issue remains in dispute.

For these reasons, defendants' request for a protective order is denied. Plaintiff shall limit questioning of Mr. Totonis to the matter of the extent and location of her employment between August 2001 and July 2002.

**SO ORDERED.**

Dated: Brooklyn, New York
November 4, 2008

Cheryl L. Pollak
United States Magistrate Judge

2